UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------X

IN RE:

Patricia Deckert,

                                    DEBTOR

-------------------------------------------------------X

CASE NO.: 17-73820-ast

Chapter: 13

## ORDER CONDITIONALLY GRANTING RELIEF FROM THE AUTOMATIC STAY

On May 22, 2018, the Motion (the "Motion") of NJCC Fund #5 Trust, successor in interest to Federal National Mortgage Association ("Fannie Mae") ("Movant"), dated February 1, 2018, came before the Court, for relief from the automatic stay with respect to the collateral known as 363 Old Country Road, Melville, NY 11747 (the "Collateral"). This Court, having considered the evidence presented and the arguments of the parties, and with good cause appearing therefor, and upon the agreement of the parties hereto, it is hereby

**ORDERED**, that the automatic stay in effect pursuant to 11 U.S.C. § 362(a), shall remain in effect with respect to the Collateral as to Movant, its agents, assigns or successors in interest, subject to the conditions set forth herein; and it is further

**ORDERED** that on or before November 15, 2018, the Debtor shall pay Movant all post-petition arrears on her mortgage; such payments to include principal, interest, late charges, escrow advances and reasonable attorney fees and costs in the amount of $881.00 for a total sum of $22,353.02; such sum shall be good through May 31, 2018 and said arrears are broken down as follows:

| | |
|---|---|
| 7 Late Payments (11/1/2017-5/1/2018) at $3,438.16 each | = $24,067.12 |
| Reasonable attorney fees | = $700.00 |
| Reasonable attorney costs | = $181.00 |
| Suspense | = ($2,595.10) |
| Total | = $22,353.02 |

and said arrears are to be paid as follows:

| AMOUNT | DUE BY |
|---|---|
| $3,725.50 | June 15, 2018 |
| $3,725.50 | July 15, 2018 |
| $3,725.50 | August 15, 2018 |
| $3,725.50 | September 15, 2018 |
| $3,725.50 | October 15, 2018 |
| $3,725.52 | November 15, 2018 |

and said payments shall be in the form of certified funds and mailed to:

Selene Finance LLP
P.O. Box 71243
Philadelphia, PA  19176-6243

and it is further,

**ORDERED**, that the Debtor shall make timely regular monthly payments to Movant at the address listed above by the 1st day of each and every month, commencing with the June 1, 2018 payment, and it is further

**ORDERED**, that pursuant to 11 U.S.C. § 362(d), in the event Debtor fails to timely pay any part of the adequate protection payments in accordance with the above decretal paragraphs, and (ii) fails to cure such default within **ten (10) days** written notice to Debtor's counsel by email, the automatic stay will be terminated by an Order entered without a hearing, **ten (10) days** after an affirmation of non-compliance is filed with the Court and served upon the Debtor, Co-Debtors and Debtor's counsel, provided that no challenge to Movant's affirmation of non-compliance is timely made and filed in accordance with this Order, whereupon Movant may take any and all action under applicable state law to exercise its remedies against the Collateral, and the Co-Debtor stay shall be

deemed terminated as against the Co-Debtors William J. Deckert and John C. Deckert pursuant to 11 U.S.C. § 1301 (c) so that Movant, its agents, successors and/or assigns in interest, may take any all action under applicable state law to exercise its remedies against the Collateral; and it is further,

**ORDERED**, that if Debtor has received two notices of default, then, in the event of a third default, the stay will be terminated by an Order entered **ten (10) days** after an affirmation of non-compliance is filed with the Court and served upon the Debtor, Co-Debtors and Debtor's counsel, provided that no challenge to Movant's affirmation of non-compliance is timely made and filed in accordance with this Order; and it is further

**ORDERED**, that a proposed Order lifting the stay shall be submitted to the Court via electronic upload at the time an affirmation of non-compliance is filed; and it is further

**ORDERED**, that for any affirmation of non-compliance served by mail to any party, **three (3) days** additional notice is required under E.D.N.Y. LBR 9006-1(c) before the automatic stay terminates; and it is further


**ORDERED,** that any challenge to an affirmation of non-compliance shall be brought by counter-affidavit and must be filed with the Court and served on Movant's counsel within **seven (7) days** after the date of service of the affidavit of non-compliance. Any such challenge shall be limited to the defense that the payment have, in fact, been timely paid and have not been properly credited. The counter-affidavit shall be accompanied by evidence of such payment. If a counter-affidavit is timely served and filed, the stay shall remain in effect pending a hearing which the Court may schedule on an expedited basis or further order of the Court.

CONSENTED AND AGREED TO BY:

   /s/Heath S. Berger
Heath S. Berger, Esq.
Attorney for Debtor

/s/Patricia Deckert
Patricia Deckert

**SO ORDERED:**



Dated: May 29, 2018
**Central Islip, New York**

_____
**Alan S. Trust**
**United States Bankruptcy Judge**